United States District Court
Southern District of Texas
**ENTERED**
May 31, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHEREKA MOSBY, § | | |
| Plaintiff, § | | |
| § | | |
| VS. § | | CIVIL ACTION NO. 4:21-CV-00576 |
| § | | |
| CIGNA INSURANCE COMPANY, *et al.*, § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant NewQuest, LLC's ("NewQuest")[1] Motion to Dismiss and to Compel Arbitration, or in the Alternative, for a Stay Pending Arbitration. (Dkt. 20). Having carefully reviewed the motion[2] and applicable law, the Motion is **GRANTED IN PART AND DENIED IN PART**. The Motion to Dismiss is **DENIED**. The Motion to Compel Arbitration and Stay is **GRANTED**.

The Federal Arbitration Act ("FAA") permits an aggrieved party to file a motion to compel arbitration when an opposing "party has failed, neglected, or refused to comply with an arbitration agreement." *Am Bankers Ins. Co. of Fla. v. Inman*, 436 F.3d 490, 493 (5th Cir. 2006) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991)); *see also* 9 U.S.C. § 4. Section 4 of the FAA provides that, when a party petitions the court to compel arbitration under a written arbitration agreement, "[t]he court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the

---

[1] Plaintiff Shereka Mosby was previously employed by NewQuest, LLC, which is a wholly-owned indirect subsidiary of Cigna Corporation. There is no legal entity named "Cigna Insurance Company" or "Cigna Health Insurance Company" affiliated with Cigna Corporation.

[2] Although a briefing schedule was set out at the December 22, 2021 hearing, Mosby did not file a response to NewQuest's Motion to Dismiss and to Compel Arbitration, or in the Alternative, for a Stay Pending Arbitration.

1

failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. To determine whether the parties agreed to arbitrate the particular type of dispute at issue, the court must consider two issues: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of the arbitration agreement. *McCann v. Am. Homes 4 Rent.*, No. 4:19-CV-1879, 2020 WL 1429494 at *2 (S.D. Tex. Mar. 19, 2020) (citing *Carey v. 24 Hour Fitness, USA, Inc.*, 669 F.3d 202, 205 (5th Cir. 2012)). Weather the parties agreed to arbitrate the issues is considered in turn below.

The Court finds there is a valid agreement between the parties. On September 28, 2016, Plaintiff Shereka Mosby ("Mosby") electronically signed an acknowledgment form ("Acknowledgment") that provided in relevant part as follows:

> I understand and agree **any dispute between Cigna and me arising out of or relating to** my candidacy for employment, **my employment or termination of my employment with Cigna** (with the exception of workers' compensation claims, unemployment insurance, state disability insurance and ERISA benefit claims) **including claims of discrimination or claims related to wage and hour issues, shall be resolved under Cigna's Employment Dispute Arbitration Program, which includes final mandatory binding arbitration.** I also understand the Cigna Companies Employment Dispute Arbitration Policy and the Cigna Companies Employment Dispute Rules and Procedures form a legally enforceable contract between Cigna and me.

(Dkt. 20 at 2 (emphasis added)).

2

On April 1, 2020, Mosby electronically signed an acknowledgement form signifying her agreement to Cigna's Voluntary Arbitration Agreement. (Dkt. 20 at 2). The acknowledgement form Plaintiff signed on April 1, 2020 provided as follows:

> I HAVE CAREFULLY READ AND UNDERSTAND THE CIGNA ARBITRATION AGREEMENT AND AGREE TO ITS TERMS.
>
> BY CLICKING THE ACKNOWLEDGMENT BUTTON BELOW, I AGREE THAT THE COMPANY AND I ARE AGREEING TO ARBITRATE DISPUTES COVERED BY THIS AGREEMENT, UNLESS I EXERCISE MY RIGHT TO OPT OUT OF ARBITRATION BY FOLLOWING THE PROCEDURE FOR OPTING OUT SET FORTH IN THE AGREEMENT. I UNDERSTAND AND AGREE THAT THE REQUIREMENT TO ARBITRATE DISPUTES WITH THE COMPANY IS NOT A MANDATORY TERM OR CONDITION OF MY EMPLOYMENT.
>
> I FURTHER UNDERSTAND AND AGREE THAT CLICKING THE BUTTON BELOW CONSTITUTES A VALID AND BINDING ELECTRONIC SIGNATURE AND IS SUFFICIENT TO ACKNOWLEDGE MY ACCEPTANCE OF THE AGREEMENT, AND THAT SUCH ELECTRONIC SIGNATURE IS AS VALID AND HAS THE SAME LEGAL EFFECT AS AN INK SIGNATURE.
>
> I AGREE TO BE BOUND BY THE VOLUNTARY ARBITRATION AGREEMENT.

(Dkt. 20 at 3).

Furthermore, the Court finds Mosby's claims fall within the scope of the arbitration agreement. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257-58 (5th Cir. 1996); *OPE Int'l LP v. Chet Morrison Contractors, Inc.*, 258 F.3d 443, 445 (5th Cir. 2001) (any doubts concerning scope should be resolved in favor of arbitration). "In applying state law, due regard must be given to the federal policy favoring arbitration, and ambiguities as to the

scope of the arbitration clause itself must be resolved in favor of arbitration." *Webb,* 89 F.3d at 258 (internal quotation marks omitted) (quoting *Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468, 475-76 (1989)). The arbitration agreement at issue here requires the following claims to be submitted to arbitration: any dispute, past, present or future, arising out of or related to Employee's … employment or relationship with Cigna … or termination of employment regardless of its date of accrual and survives after the employment relationship terminates. *Id.* Because Mosby signed the arbitration agreement acknowledging its receipt and the agreement covers the scope of the claims asserted, the Court finds there is a valid arbitration agreement. The agreement also applies to and requires arbitration of disputes concerning:

> the employment relationship or the termination of that relationship,…termination, retaliation, discrimination or harassment and claims arising under…Title VII of the Civil Rights Act of 1964…42 U.S.C. §1981,…Civil Rights Acts of 1866 and 1871, the Civil Rights Act of 1991,…the Pregnancy Discrimination Act, Equal Pay Act, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act,…state or local statutes or regulations addressing the same or similar subject matters, and all other federal, state or local statutory and legal claims arising out of or relating to your employment or the termination of employment (including without limitation torts and post-employment defamation or retaliation).

*Id.*

Accordingly, since Mosby alleges claims of "retaliation, disability and discrimination" the Court finds Mosby's claims should be arbitrated. (Dkt. 1 at 2). For the reasons stated above, the Court **GRANTS** NewQuest's Motion to Compel Arbitration and Stay. (Dkt. 20). The Motion to Dismiss is **DENIED**. This action is **STAYED** and the Court

4

**ORDERS** this case to arbitration pursuant to the terms of the parties' agreement. The parties are **ORDERED** to provide a status report every 90 days.

SIGNED at Houston, Texas this 31st day of May, 2022.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

5