United States District Court
Southern District of Texas
**ENTERED**
June 02, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHEREKA MOSBY, § | |
|    Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:21-CV-00576 |
| § | |
| CIGNA INSURANCE COMPANY, *et al.*, § | |
|    Defendants. § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Motion to Dismiss filed by Defendant Harris County Sheriff's Office ("HCSO"). (Dkt. 14). Having carefully reviewed the motion, response,[1] applicable law, and the entire record, the motion is **GRANTED**.

## **FACTUAL BACKGROUND**

For purposes of the Court's consideration of the pending motion, the following facts alleged in the complaint are taken as true. This civil rights lawsuit arises from a job termination by Defendant NewQuest, LLC.[2] The amended complaint asserts claims for false arrest and or false imprisonment against HCSO.[3] (Dkt. 1 at 1). In support of her claims, Mosby alleges that "after a childhood friend filed a false police report against me on August 29, 2020, I was placed on unpaid leave effective December 7, 2020." *Id*. Mosby

---

[1] Plaintiff Shereka Mosby filed a letter *Additional Details to the Complaint*, six days after HCSO's filing of the motion to dismiss. This letter is construed as a response and was considered in the granting of this motion to dismiss.
[2] Mosby was previously employed by NewQuest, LLC, which is a wholly-owned indirect subsidiary of Cigna Corporation. There is no legal entity named "Cigna Insurance Company" or "Cigna Health Insurance Company" affiliated with Cigna Corporation.
[3] Assuming that Mosby also attempted to bring state law claims for municipal liability, the Court declines to exercise supplemental jurisdiction over state law claims.

1

further states that the "false police reporting case…is the reason for my employment termination." In the pending motion, HCSO argues that it is entitled to the dismissal of the claims against it because HCSO is a *non sui juris* entity and even if the proper party was named, Harris County, Mosby has failed to plead facts establishing that an official county policy, practice or custom was the moving force or direct cause of her damages. The Court considers these arguments in turn below.

## LEGAL STANDARD

### I. Federal Rule of Civil Procedure 12(b)(6)

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Id*.

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 556 U.S. at 678 (noting that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). In conducting this analysis, the Court does not consider legal conclusions as true, and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### II.     Municipal Liability Under 42 U.S.C. § 1983

Mosby has sued HCSO alleging claims for false arrest and false imprisonment. (Dkt. 1 at 1-2). HCSO is not a proper party to this lawsuit because it is *non sui juris*, meaning it lacks the legal capacity to sue or be sued as a matter of law. A department must have a separate legal existence to be sued. *Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993); *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991); *Wakat v. Montgomery County*, 471 F. Supp. 2d 759 (S.D. Tex. 2007). A political subdivision cannot sue or be sued unless it is a separate and distinct corporate entity. *See*

*Kirby Lumber Corp. v. State of La. through Anacoco-Prairie State Game & Fish Comm'n*, 293 F.2d 82, 83 (5th Cir. 1961). The capacity of an entity to sue or be sued is determined by the law of the state where the court is held. *Darby*, 939 F.2d at 313. An unincorporated department of the government is not a legal entity and cannot be sued. *see Owyhee Grazing Ass'n, Inc. v. Field*, 637 F.2d 694, 697 (9th Cir. 1981). Here, Mosby alleges a false police report was filed with HCSO, leading to her arrest and termination from CIGNA. (Dkt. 1 at 2). HCSO is a department of Harris County, Texas. It is not a separate entity capable of independent legal action. Accordingly, the Court finds that HCSO cannot be sued and is entitled to dismissal from the action.

Even if Mosby sued the proper plaintiff, Harris County, her argument would still fail because a governmental entity can be held liable for civil rights violations only under Section 1983, which are claims that Mosby has not plead. "Section 1983 provides a remedy against 'any person' who, under color of state law, deprives another of rights protected by the Constitution." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A local government may not be sued under Section 1983 for the deprivation of rights guaranteed by the Constitution or federal law inflicted solely by its employees or agents. *See Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable under § 1983 on a respondeat superior theory."). However, "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury," the government agency is liable under Section 1983. *Id*.

To state a claim under Section 1983, "a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

> "An official policy is either (1) a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) a persistent, widespread practice of officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents the municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority."

*McIntosh v. Smith*, 690 F. Supp. 2d 515, 530 (S.D. Tex. Feb. 2, 2010) (citing *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)).

Here, Mosby did not plead any facts that support an official policy promulgated by the municipal policymaker that was the moving force behind the violation of a constitutional right so Harris County, even if properly plead, cannot be held liable under Section 1983.

## CONCLUSION

Accordingly, for the reasons stated above the Court finds that HCSO's Motion to Dismiss (Dkt. 14) should be **GRANTED**.

SIGNED at Houston, Texas this 2nd day of June, 2022.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE